UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| LEONARD DONALD SMITH | ) | |
| | ) | |
|     *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:06-cv-426 |
| | ) | *Jordan* |
| DAVID MILLS, Warden | ) | |
| | ) | |
|     *Respondent*. | ) | |

**MEMORANDUM OPINION**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which petitioner Leonard Donald Smith ("Smith") challenges his 1983 state conviction for second degree murder. The court ordered petitioner to show cause why his petition should not be dismissed as time-barred. Petitioner has now filed his response to the show cause order. For the following reasons, the court finds that petitioner's habeas corpus petition is time-barred and thus it will be **DISMISSED**.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, or the later of several exceptions. One exception is "the date on

which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*. § 2244(d)(1)(C).

Smith's conviction was affirmed on direct appeal in 1985, and the judgment of conviction became final at that time. Smith has been denied state post-conviction relief on several occasions, the last being in 1995. *See, e.g., Smith v. State*, Nos. 03COL-9503-CR-00097, 03COL-9503-CR-00098, 1995 WL 540425 (Tenn. Crim. App. September 13, 1995), *perm. app. denied, id*. (Tenn. January 2, 1996).

In response to the show cause order, Smith alleges that he is relying on the recent U.S. Supreme Court case of *Davis v. Washington*, 126 S. Ct. 2266 (2006) to support the challenge to his conviction. Smith claims that his habeas petition is timely because it was filed within one year of the *Davis* decision. *Davis* was decided on June 19, 2006, and the court received Smith's habeas petition on November 6, 2006.

*Davis* concerned the admissibility of statements taken by police officers in the course of an interrogation. The Court in *Davis* first noted its earlier decision in *Crawford v. Washington*, 541 U.S. 36 (2004), in which the Court held that the Confrontation Clause of the Sixth Amendment "bars 'admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *Davis v. Washington*, 126 S. Ct. at 2273 (quoting *Crawford v. Washington*, 541 U.S. at 53-54).

The *Davis* Court then held that statements made in the course of an interrogation whose primary purpose is to enable the police to meet an ongoing emergency are nontestimonial and not subject to the Confrontation Clause; thus the statements made to a 911 operator were admissible. *Id*. at 2273, 2277. Statements made in the course of an interrogation whose purpose is to establish events relevant to a criminal prosecution are testimonial and subject to the Confrontation Clause; thus the statements made to the police officers investigating a possible crime were not admissible. *Id*. at 2273-74, 2278.

The *Davis* Court did not state that the decision would apply retroactively to cases on collateral review. Smith has not cited any case, nor is this court aware of any Supreme Court case, making *Davis* retroactively applicable to cases such as Smith's. Recently, the Supreme Court specifically held that *Crawford* announced a new rule of criminal procedure, since it explicitly overruled the prior holding in *Ohio v. Roberts*, 448 U.S. 56 (1980), which allowed the admission of a hearsay statement by an unavailable declarant if the statement bore sufficient indicia of reliability. *Whorton v. Bockting*, 127 S. Ct. 1173, 1181-82 (2007). The court then concluded that the new rule does not fall within the *Teague*[1] exception for watershed rules and thus is not retroactive. *Id*. at 1182-84 .

Under the circumstances, the court finds that *Davis* should not be applied retroactively. Accordingly, Smith's habeas corpus petition was not timely filed and is barred by the statute of limitation.

---

[1]*Teague v. Lane*, 489 U.S. 288 (1989).

The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** Smith leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

                                              s/ Leon Jordan
                                       United States District Judge